UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cv-21421

GUSTAVO CHARA,

     Plaintiffs,

v.

LVNV FUNDING, LLC,

     Defendant.

_____/

**COMPLAINT**
**FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES**
**JURY DEMAND**

1.     Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful garnishment.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendants filed a state court garnishment proceeding against Plaintiffs property in this District.

**PARTIES**

3.     Plaintiff, GUSTAVO CHARA, ("CHARA" or "Plaintiff") is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.     Defendant, LVNV FUNDING, LLC. ("LVNV"), is a foreign limited liability company formed under the laws of the State of Delaware. It is a citizen of the State of Nevada with its principal place of business at 625 Pilot Rd., Suite 3, Las Vegas, NV 89119.

5.      LVNV is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, Florida 33435.

6.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.      Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8.      Defendant was assigned a judgment and attempted to collect on that judgment against the Plaintiff in Miami-Dade County, Florida.

9.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10.     Defendant sought to collect from Chara an alleged debt arising from a credit card which Plaintiff used for his own personal, family and household purposes.

11.     Plaintiff's alleged debt went into default.

12.     On or about December 30, 1999, Sears. Roebuck & Co. ("Sears") filed suit against Chara in state court in Miami-Dade County, Florida.

13.     Sears obtained a final judgment against Chara on May 3, 2000.

14.     On or about September 22, 2017, LVNV filed a Notice of Assignment of the final judgment.

15.     At the time LVNV was assigned the final judgment, the debt was in default.

16.     On October 27, 2017, LVNV filed a Motion for Writ of Garnishment and the Writ of Garnishment was issued on November 1, 2017.  A copy of the Writ of Garnishment is attached as Exhibit "A."

17.    Per Fla. Stat. §77.07(5),

"If the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ. The plaintiff has the right to extend the writ for an additional 6 months by serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service."

18.    Under the requirements of Fla. Stat. §77.07(5), LVNV should have moved for a final judgment of garnishment, dismissed the writ of garnishment, or noticed the Garnishee and Chara of the six (6) month extension by May 1, 2018.

19.    At no time, did LVNV comply with Fla. Stat. §77.07(5).

20.    Chara was required to move to dissolve the Writ of Garnishment based on LVNV's failure to comply with Fla. Stat. §77.07(5).

21.    On February 25, 2019, the Writ of Garnishment was dissolved for LVNV's failure to comply with Fla. Stat. §77.07(5).  A copy of the order dissolving the Writ of Garnishment is attached as Exhibit "B."

22.    The Garnishee, JP Morgan Chase Bank ("Chase"), at LVNV's demand, withheld the sum of $14,468.40 for almost sixteen (16) months.

23.    That money was intended to be used for hurricane repairs.

24.    Chara was forced to pay for the repairs using high interest credit cards and to defer other necessary repairs on his family residence.

25.    Defendant knew or should have known that as of May 2, 2018, that its Writ of Garnishment was void by operation of law.

26.    In Florida, "[i]t is fundamental that garnishment statutes must be strictly construed."  Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So.3d 83, 86 (Fla.

3rd DCA 2013) (*citing* Williams v. Espirito Santo Bank of Fla., 656 So. 2d 212, 213 (Fla. 3d DCA 1995.

27.     LVNV caused the money that Chara and his family desperately needed to be withheld from them for an additional ten (10) months.

28.     Even after Chara moved to dissolve the garnishment on December 20, 2018, LVNV would not agree to dissolve the garnishment and Chara had to wait an additional two (2) months to have his motion heard and granted.

29.     Defendant acted in malice to harass and pressure Plaintiff in an effort financially benefit itself.

30.     Plaintiff suffered damages as a result of Defendant's improper actions and seeks statutory, compensatory and punitive damages.

### COUNT I
### CONTINUING TO GARNISH BANK ACCOUNT
### IN VIOLATION OF 15 U.S.C. §1692f

31.     Plaintiff incorporates Paragraphs 1 through 30.

32.     LVNV continued to cause Chase to withhold Chara's much needed funds for ten (10) months after its Writ of Garnishment expired on May 1, 2018, in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Actual and statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

### COUNT II
### WRONGFUL GARNISHMENT

33.    Plaintiff incorporates Paragraphs 1 through 30.

34.    Defendant continued to garnish Plaintiff's bank account for an additional ten (10) months even after it knew or should have known that the garnishment automatically dissolved, and did so with malice.

35.    Defendant knowingly caused the Garnishee to withhold more than $14,000.00 of the Plaintiff's money for an additional ten (10) months when it had no legal basis to do so.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Actual and punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand trial by jury.

> Debt Shield Law
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:    305-776-1805
> Fax:    305-503-9457
> legal@debtshieldlawyer.com
> joel@debtshieldlawyer.com
>
>   */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163